UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

AKUA TWUMWAA,                          :

                               :

                  Plaintiff,      :

     -v.-                           :

                               :

CAROLYN W. COLVIN,          :

Acting Commissioner of Social Security,  :

                               :

                  Defendant.   :

---------------------------------------------------------------X

REPORT AND
RECOMMENDATION

13 Civ. 5858 (AT) (JLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/14

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Analisa Torres, United States District Judge:**

Pro se Plaintiff Akua Twumwaa brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a final decision of the Acting Commissioner of Social Security (the

"Commissioner") denying her claim for Social Security Supplemental Security Income ("SSI")

benefits. The Commissioner has moved to dismiss the Complaint on the ground that it was not

timely filed. For the reasons that follow, I recommend that the motion be granted.

## I. BACKGROUND

Twumwaa applied for SSI benefits on June 6, 2007. See Declaration of Robert Weigel,

dated September 26, 2013 ("Weigel Decl.") (Dkt. No. 10), Exhibit 1, at ECF page number 4.[1]

The application was denied, and Twumwaa requested a hearing, which was held on September

23, 2009. Id. Thereafter, the Administrative Law Judge ("ALJ") denied Twumwaa's claim for

---

[1] The Commissioner submitted the Weigel Declaration in support of her motion. Weigel is
Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations,
Office of Disability Adjudication and Review, Social Security Administration. (Weigel Decl. at
1).

1

benefits in a decision issued on October 22, 2009 (the "ALJ's Decision"). Weigel Decl. ¶ 3(a), Exhibit 1.[2]

Twumwaa then sought review of the ALJ's Decision, and on April 29, 2011, the Appeals Council issued an order remanding the case to the ALJ for further proceedings. Weigel Decl. ¶ 3(a), Exhibit 2. Thereafter, the ALJ held a second hearing on November 3, 2011, and the ALJ issued a decision on November 30, 2011, again denying Twumwaa's claim for benefits. Id., Exhibit 3. Twumwaa sought review of that decision, and on June 7, 2013, the Appeals Council denied the request for review ("the Council Notice" or "the Notice"). Id., Exhibit 4.

The Council Notice denying the request for review was sent to Twumwaa at 1650 Metropolitan Avenue, Apartment 2B, Bronx, New York, 10462, the same address as the one listed in her Complaint. Id.; Complaint ("Compl."), Exhibit A.[3] A copy of the Council Notice

---

[2]     In light of the Court's determination that the Commissioner's motion is properly made on the basis of Rule 12(b)(6), and not 12(b)(1) of the Federal Rules of Civil Procedure, see infra p. 4, the Court cannot consider materials outside the Complaint without converting the motion into one for summary judgment under Rule 56. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-55 (2d Cir. 2006). However, the Court can properly consider the ALJ's Decision attached to the Weigel Declaration, which is not part of the Complaint, because Twumwaa had actual notice of the ALJ's Decision—indeed, it was addressed to her—and the document is integral to her claim in that Twumwaa has relied on the effects of the ALJ's Decision in drafting her Complaint. See Courtney v. Colvin, No. 13 Civ. 2884 (AJN) (JLC), 2013 WL 5652476, at *1 n.2 (S.D.N.Y. Oct. 17, 2013) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)), adopted by, 2014 WL 129051 (S.D.N.Y. Jan. 14, 2014); Rodriguez ex rel. J.J.T. v. Astrue, 10 Civ. 9644 (PAC) (JLC), 2011 WL 7121291, at *1 n.2 (S.D.N.Y. July 25, 2011), adopted by 2012 WL 292382 (S.D.N.Y. Jan. 31, 2012); see also Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995) (although court limited to facts as stated in complaint, it may consider documents incorporated by reference without converting motion to one for summary judgment)). Furthermore, the Court's consideration of the ALJ's Decision is proper to the extent that Twumwaa referred to it in the Complaint. See Chambers, 282 F.3d at 152-53 (citations omitted); Compl. ¶ 6 (alleging that "[t]he Social Security Administration disallowed plaintiff's application" in the ALJ's Decision).

[3]     Twumwaa attached the Council Notice to her Complaint as required by the Southern District form, and it is thus properly considered under Rule 10(c) of the Federal Rules of Civil Procedure.

was also sent to Twumwaa's representative.  Weigel Decl. ¶ 3(a), Exhibit 4; Compl., Exhibit A
at 3. The Notice informed Twumwaa that she had 60 days from receipt of the Notice to file a
civil action in federal court.  Weigel Decl. ¶ 3(a), Exhibit 4, at 2.  The Council Notice further
stated that the date of receipt was assumed to be five days after the date of the letter, unless
Twumwaa could show that she did not receive it within the five-day period.  Id. at 2.

  Twumwaa, proceeding pro se, filed her Complaint using a Southern District form on
August 16, 2013.  (Dkt. No. 2).  She also submitted a Request to Proceed In Forma Pauperis,
which was granted by the Court on August 26, 2013.  (Dkt. Nos. 1, 3).  Twumwaa alleged in her
Complaint that she received the Council Notice on June 10, 2013.  Compl., ¶ 8.

  On December 20, 2013, the Commissioner moved to dismiss the Complaint, pursuant to
Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter
jurisdiction and failure to state a claim upon which relief can be granted.  Commissioner's
Memorandum of Law in Support of Motion to Dismiss ("Comm. Mem") (Dkt. No. 11) at 1.
Specifically, the Commissioner contends that Twumwaa's Complaint should be dismissed as
untimely pursuant to 42 U.S.C. § 405(g) because the action was not commenced within 60 days
after her acknowledged receipt of the Council's Notice (that is, the final decision of the
Commissioner).  Id..

  On February 18, 2014, Twumwaa filed a one-page affirmation in opposition to the
motion to dismiss on a Southern District form.  Dkt. No. 14.  In her affirmation, Twumwaa
contended that the motion should be denied because she was "stressed and also in pain during
that time so I gave the motion to my former attorney to respond."  Id.   By letter dated May 7,
2014, the Commissioner advised the Court that it would not be filing any reply papers.  (Dkt.
No. 17).

3

## II.  DISCUSSION

### A.  Standard of Review

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." Gelber v. Stryker Corp., 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (citing Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989)).  Indeed, a motion to dismiss on statute of limitations grounds, as the Commissioner's motion here, "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." Nghiem v. U.S. Dep't of Veterans Affairs, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006), aff'd, 323 F. App'x 16 (2d Cir. Mar. 31, 2009) (summary order), cert. denied, 558 U.S. 1137 (2010).  The reason Rule 12(b)(6) provides "the most appropriate legal basis" for such a motion is "because expiration of the statute of limitations presents an affirmative defense." Id.  Accordingly, in deciding the motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

### B.  Twumwaa's Social Security Claim

#### 1.  The Complaint Is Untimely

It is well-established that the United States cannot be sued without its consent. See, e.g., United States v. Navajo Nation, 556 U.S. 287, 289 (2009); Cnty. of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010).  Twumwaa seeks review of the Commissioner's final decision denying her benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which provides the requisite consent to be sued:

4

> Any individual, after any final decision of the
> Commissioner of Social Security . . . may obtain a review
> of such a decision by a civil action commenced within 60
> days after the mailing to him of notice of such decision or
> within such further time as the Commissioner of Social
> Security may allow . . . .

42 U.S.C. § 405(g).

The Act provides that the remedy available under Section 205(g), codified at 42 U.S.C.

§ 405(g), is exclusive.  Specifically, "[n]o findings of fact or decision of the Commissioner of

Social Security shall be reviewed by any person, tribunal, or governmental agency except as

herein provided."  42 U.S.C. § 405(h).

The Code of Federal Regulations establishes further guidelines regarding the statute of

limitations for filing a civil action pursuant to this exclusive remedy provision:

> Any civil action . . . must be instituted within 60 days after
> the Appeals Council's notice of denial of request for
> review of the presiding officer's decision or notice of the
> decision by the Appeals Council is received by the
> individual . . . . [T]he date of receipt of . . . notice of the
> decision by the Appeals Council shall be presumed to be 5
> days after the date of such notice, unless there is a
> reasonable showing to the contrary.

20 C.F.R. § 422.210(c).  Because the 60-day limit is a statute of limitations, "it is a condition on

the waiver of sovereign immunity and thus must be strictly construed."  Bowen v. City of New

York, 476 U.S. 467, 479 (1986).  The Supreme Court has stated that "an interpretation that

would allow a claimant judicial review simply by filing and being denied a petition to reopen his

claim would frustrate the congressional purpose, plainly evidenced in [the Act], to impose a 60-

day limitation upon judicial review of the Secretary's final decision."  Califano v. Sanders, 430

U.S. 99, 108 (1977).

Here, the Appeals Council issued its decision denying Twumwaa's request for review on June 7, 2013, and specifically informed Twumwaa (and her representative) that she had 60 days after receipt of the Notice to file a civil action. It further provided that, "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." The Council Notice was sent to the same address that Twumwaa listed on her Complaint. Twumwaa acknowledged in her Complaint that she received the Council Notice three days later, on June 10, 2013.[4] Given that time line, Twumwaa was required to file a civil action (unless she received an extension of her time to file – something she did not request) 60 days after June 10, 2013, or by August 9, 2013. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). However, Twumwaa did not file her Complaint until August 16, 2013, seven days late.

Many courts have dismissed social security cases under similar circumstances. See, e.g., Courtney, 2014 WL 129051, at *2-3 (seven days late); Pressley v. Astrue, No. 12 Civ. 8461 (NSR) (PED), 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013) (five days late); Marquez v. Comm'r of Social Security, No. 12 Civ. 8151 (PAE) (SN), 2013 WL 3344320, at *4 (July 2, 2013) (one month late); Rodriguez ex rel. J.J.T. v. Astrue, 10 Civ. 9644 (PAC)(JLC), 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (21 days late); Smith v. Comm'r of Social Security, No. 08 Civ. 1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late); Reyes v. Astrue, 07 Civ. 10560 (GBD) (RLE), 2008 WL 4155362, at *1 (S.D.N.Y. Sept. 9, 2008) (two months late); Johnson v. Comm'r

---

[4]     Under the applicable regulations, Twumwaa was presumed to have received the Council Notice five days after its issuance, or by June 12, 2013. 20 C.F.R. § 422.210(c). Thus, as the Commissioner points out, see Comm. Mem. at 5, n.2, even if she had received the Notice on June 12, rather than on June 10, her Complaint would still not be timely. On that time table, her Complaint would have been due by August 12, and it was not filed until August 16.

of Social Security, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (nine days late).[5]
Twumwaa's Complaint is similarly untimely and, like the other cases, should be
dismissed.

### 2.    Equitable Tolling Is Not Warranted

Although Twumwaa's Complaint is untimely, the Court can still review it if the
doctrine of equitable tolling applies. See Bowen, 476 U.S. at 479. "[C]ases may arise
where the equities in favor of tolling the limitations period are 'so great that deference to
the [Social Security Administration's] judgment is inappropriate.'" Id. at 480 (quoting
Matthews v. Eldridge, 424 U.S. 319, 329 (1976)). To this end, the Supreme Court has
held that the application of the doctrine of equitable tolling to the 60-day requirement of
Section 405(g) is "fully 'consistent with the overall congressional purpose' and is
'nowhere eschewed by Congress.'" Bowen, 476 U.S. at 480 (quoting Honda v. Clark,
386 U.S. 484, 501 (1967)).

Equitable tolling "permits courts to deem filings timely where a litigant can show
that 'he has been pursuing his rights diligently' and that 'some extraordinary
circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005)
(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Application of the doctrine is
appropriate only "in rare and exceptional circumstances in which a party is prevented in
some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. Transit
Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted); see also,
e.g., Bowen, 476 U.S. at 481 (equitable tolling appropriate where "Government's
secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights"); Canales

---

[5]       All of these cases except Pressley involved plaintiffs proceeding pro se.

7

v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991) (equitable tolling may be warranted for
untimely complaint where claimant had mental impairment).

In examining the Complaint in the light most favorable to Twumwaa, I find that
there is nothing in the record before the Court to demonstrate that she has been diligently
pursuing her rights or that any "extraordinary" circumstances caused her to file her
Complaint after the 60-day period had expired.  See Barnhart, 417 F.3d at 279.
Twumwaa alleges nothing in her Complaint to explain the delay in filing.  In her
response to the motion to dismiss, she claims only that the Commissioner's motion
should be denied because she was "stressed" and "in pain" and "gave the motion to my
former attorney to respond."[6]  This claim is not sufficient to invoke the doctrine of
equitable tolling.

The Second Circuit has made clear that illness cannot serve as a basis to toll the
statute of limitations, observing that to "[a]llow disability claimants who have been
denied benefits to toll the sixty-day period on grounds of poor health would thoroughly
undermine [the Social Security Act's] sixty-day limitation period."  Wong v. Bowen, 854
F.2d 630, 631 (2d Cir. 1988).  See also Courtney, 2014 WL 129051, at *2 (illness
insufficient basis for equitable tolling); Bender v. Astrue, No. 09 Civ. 5738 (KAM), 2010
WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (alleged medical ailments did not
constitute extraordinary circumstances justifying equitable tolling).  The record before
the Court does not support equitable tolling on this basis.[7]

---

[6]     It is not clear what Twumwaa means when she says that she gave "the motion" to her
former attorney.  She may mean the pending motion, or alternatively she may be referring to the
Notice she received from the Appeals Council.  In any event, this excuse does not provide a
basis for equitable tolling.

[7]     Twumwaa offers no medical evidence in opposition to the motion.

In sum, I find no basis in the record that would entitle Twumwaa to equitable tolling. While the result here may be harsh, given that Twumwaa only missed her filing deadline by seven days, the 60-day limit is a statute of limitations that must be strictly construed because it is a condition of a sovereign immunity waiver. As the Supreme Court has counseled, it is for Congress and not the courts to modify procedural requirements for obtaining judicial review of administrative decisions. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Ultimately, "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." Sanders, 430 U.S. at 108.

### III. CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's motion to dismiss be GRANTED.

9

**PROCEDURE FOR FILING OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to such objections,

shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the

Honorable Analisa Torres and to the chambers of the undersigned, United States Courthouse,

500 Pearl Street, New York, New York, 10007.  Any requests for an extension of time for filing

objections must be directed to Judge Torres.  **FAILURE TO FILE OBJECTIONS WITHIN**

**FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL**

**PRECLUDE APPELLATE REVIEW.**  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner &

Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92

(2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P & C Food

Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  If

Courtney does not have access to cases cited herein that are reported on LexisNexis or Westlaw,

he should request copies from the Commissioner.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d

Cir. 2009).

Dated: New York, New York
      May 14, 2014

                                JAMES L. COTT
                                United States Magistrate Judge

**A Copy of this Report and Recommendation has been sent by ECF to counsel and mailed
to:**

Akua Twumwaa
1650 Metropolitan Avenue #2B
Bronx, NY 10462